IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00454-WJM-KLM

WESTERN CAPITAL PARTNERS LLC, a Colorado Limited Liability Company,

    Plaintiff,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY, a California Corporation,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Renewed Third Motion to Amend Complaint** [#60].[1] Defendant filed a Response [#62] in opposition to the Motion. No Reply was filed. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#60] is **GRANTED**.

In short, this matter pertains to denial of coverage under a title insurance policy (the "Policy") provided by Defendant to Plaintiff, as the mortgage holder of property located in Montana. *See generally Second Am. Compl.* [#25]. Plaintiff now seeks leave "to add a claim for relief related to Defendant's breach of a certain closing instruction letter which

---

[1] "[#60]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

obligated Defendant to insure Plaintiff against 'all liens, claims, interests, and encumbrances, of every nature . . . .'" *Motion* [#60] at 1-2.

As a preliminary matter, the deadline for the amendment of pleadings was August 29, 2014. *Scheduling Order* [#34] at 7. Plaintiff timely filed the Third Motion to Amend Complaint [#45] on that date, although the Motion failed to comply with Local Rule 15.1(b), which requires that "[a] party who files an opposed motion for leave to amend a pleading shall attach as an exhibit a copy of the proposed amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added." *Minute Order* [#58]. As a result, the Court denied the motion without prejudice.

The present Motion [#60] was filed on October 10, 2014. Normally, "[b]ecause Plaintiff filed [its] [M]otion after the deadline for amending the pleadings, the [C]ourt employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the [S]cheduling [O]rder under Federal Rule of Civil Procedure 16(b), [and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a)." *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). However, in this case, the Court construes Plaintiff's request for amendment as timely because Plaintiff timely filed the Motion, although without the proper attachment, and immediately took steps to correct this error.

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared

reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Here, Defendant argues that the proposed amendment is prejudicial, untimely, and futile, and that the Motion [#60] should be denied on these bases.

Defendant first argues that it would be prejudiced if Plaintiff were permitted to amend. *Response* [#62] at 3-4. Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Thus, an opposing party's failure to "argue [that it] face[s] any—let alone undue—prejudice" if the Court grants leave to amend the complaint "grievously weaken[s]" its opposition to amendment. *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011). Here, Defendant does not demonstrate any *undue* prejudice it will experience if Plaintiff is permitted to amend. Defendant mentions that it agreed to proposed deadlines and discovery limits for the Scheduling Order, served written discovery requests on Plaintiff, and filed an Early Motion for Partial Summary Judgment all on the basis of the Second Amended Complaint. *Response* [#62] at 3. Defendant also asserts that additional discovery will be required if an additional claim is permitted in this lawsuit. *Id.* at 4. However, while these considerations may slightly prejudice Defendant, deadlines and discovery limitations may be altered for good cause shown. *See* Fed. R. Civ. P. 16(b). Thus, the Court cannot find that Defendant will be unduly prejudiced.

Defendant next argues that Plaintiff's amendments are untimely. *Id.* at 3-4. The

Court may deny a motion to amend based on undue delay.  *Minter*, 451 F.3d at 1205.  Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party.  *Id.*  The Tenth Circuit "focuses primarily on the reason for the delay."  *Id.*  A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims.  *Id.* at 1206 (citations omitted).  Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend.  *Id.* (citations omitted).  Defendant is correct that the Court may deny leave to amend if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023,1027 (10th Cir. 1994).  However, this argument ignores the fact that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  Here, the delay was not so egregious as to allow the Court to find that it was undue, especially considering that the request was initially made prior to the expiration of the deadline for joinder of parties and amendment of pleadings.

Finally, the Court addresses Defendant's futility argument.  An amendment is futile if it would not survive a motion to dismiss.  *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-

00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Plaintiff seeks to add a fourth claim to this lawsuit for breach of a closing instruction letter sent by Plaintiff's counsel to Defendant's agent on June 14, 2007 (the "Letter"). *Proposed Third Am. Compl.* [#60-6] ¶¶ 56-61. Plaintiff also seeks to add the Letter to its already-existing first claim for declaratory judgment as to its obligations under the Policy. *Id.* ¶¶ 30-39.

The parties do not address the issue of under which state's law the new claims should be determined, i.e., Colorado or Montana. Defendant, in fact, has cited no case law and no portion of the proposed Third Amended Complaint in support of its argument that Plaintiff's proposed amendment is futile. *See Response* [#62] at 4-6. Defendant merely argues that the Policy is the entire agreement with Plaintiff, and that the Letter does not bind it to any additional obligations. *Id.* Defendant's bare-bones recitation fails to include even the disputed elements of the proposed breach of contract claim. Defendant has simply failed to provide more than mere conclusory argument as to why Plaintiff's proposed amendment cannot succeed on the merits, and has therefore failed to show why Plaintiff's allegations are insufficient to demonstrate an actionable claim. *See Innovatier*, 2010 WL 148285, at *2. The Court therefore finds, based on the limited argument before the Court in Defendant's Response [#62], that leave to amend the complaint should not be denied on the basis of futility.

Accordingly, the Motion [#60] is **GRANTED**. The Clerk of Court shall accept the Third Amended Complaint [#60-1, #60-2, #60-3, #60-4, #60-5] for filing as of the date of this Order. Defendant shall respond to the Third Amended Complaint in accordance with

Fed. R. Civ. P. 15(a)(3).

Dated:  December 19, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge